William H. White, Sr. v. Commissioner. William H. White, Sr. and Bernice H. White v. Commissioner.
William H. White, Sr. v. Commissioner
Docket Nos. 36870 and 36871.
United States Tax Court
1953 Tax Ct. Memo LEXIS 123; 12 T.C.M. (CCH) 996; T.C.M. (RIA) 53298; August 31, 1953
James Mullen, Esq., for the petitioners. E. M. Woolf, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of income tax for 1946 in the amount of $19,907.20 against William H. White, Sr., and a deficiency for 1947 in the amount of $19,980.64 against William H. White and Bernice H. White, husband and wife. The only issue for decision is whether the Commissioner erred in holding that the cash receipts and disbursements method of accounting does not clearly reflect the business income of petitioner William H. White, Sr. Findings of Fact The petitioners are husband and wife. The husband filed a separate income tax return for 1946 and he and his wife filed a joint income tax return for 1947 with the collector of internal revenue for the District *124 of Virgnia. William H. White, Sr., was engaged in business during the taxable years and since 1933 as a plumbing and heating contractor in Richmond, Virginia. He carried on the business as a sole proprietorship. The business is confined to installation and repair work on plumbing and heating jobs of various sizes, mostly as a sub-contractor. He does no retail business and has no materials or supplies on hand for sale. He has consistently kept his books on a cash receipts and disbursements basis for many years including the taxable years. Those books were fairly, honestly and consistently kept on that basis. They do not include inventories. The petitioner bid for all work. He obtains a list of the materials required for a job from blueprints furnished by the architect or general contractor, procures bids from supply houses for the materials, figures the estimated labor costs and an additional sum for incidentals and overheads and adds a sum for his services. The total is then submitted as his bid for the job. If his bid is accepted, he orders the supply houses which were the lowest bidders on the materials to ship the materials directly to the job. The materials were obtained on *125 priorities and could go to the one job only. Sub-contracts on Government work provided that payments would be made between the 10th and 20th of each month equal to 90 per cent of the value of the material delivered and work completed during the preceding calendar month and the final 10 per cent would be paid within 30 days after completion of the work and final acceptance of the work by the Government. Sub-contracts on non-Government work provide that monthly payments would be made equal to 90 per cent of the work completed and material delivered to the site during the preceding month and the final 10 per cent would be paid within 30 days after the completion of the work and acceptance of the same by the contractor. All of the petitioner's contracts during the taxable years contain provisions similar to the above except in some instances the amount retained was 15 per cent instead of 10 per cent. The petitioner was also responsible for the work for one year after acceptance of the completed job. The percentage retained for the completion and acceptance of a job was sometimes not received until as many as eight months after completion. The petitioner bought material from local *126 supply houses for small repair jobs. The petitioner sent bills to the general contractor or owner in accordance with the above provisions of the contracts. The petitioner kept a card index, which was not a part of its books of account, showing the bills rendered by it and the amounts paid thereon. It also retained invoices including those on which it owed amounts. The invoices were not a part of its books. The Commissioner, in determining the deficiencies, added to the net income, as disclosed by the returns, $30,752.62 for 1946 and $38,092.49 for 1947 described as "Business income increased," the explanation for which was: "It is held that the cash receipts and disbursements method of accounting does not clearly reflect your business income." The following is taken from the petitioner's returns for the taxable years: Total receipts
Business
Year
of business
deductions
Net profit
1946
$202,293.29
$ 72,753.33
$29,539.96
1947
413,663.48
403,620.83
10,042.65
The facts stipulated by the parties are incorporated herein by this reference. The cash receipts and disbursements method of accounting clearly reflects the income of the business *127 of the petitioner for the taxable years. Opinion MURDOCK, Judge: Section 41 of the Internal Revenue Code provides that as a general rule net income shall be computed in accordance with the method of accounting regularly employed in keeping the books of the taxpayer, but if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. Counsel for the Commissioner stated at the hearing that the Commissioner, in determining the deficiencies, took the amount of profit shown on each return and added thereto the accounts receivable at the end of the year and deducted therefrom accounts payable for purchases, salaries and other expenses. He did not eliminate similar accounts as of the beginning of the year. The Commissioner contends that the cash receipts and disbursements method of accounting followed by the petitioner does not clearly reflect its income from the business because at the end of each year there were substantial amounts earned but not received "which means that income on a cash basis has been deferred by these amounts and also *128 that a part of the cost of producing the income has been applied to a different taxable period." He says that a distortion of taxable income is also clearly shown by the fact that the petitioner reported business income of $29,539.96 for 1946 when its gross receipts were $202,293 and only reported business income of $10,042.65 for 1947 when the gross receipts were $413,663.48. Those and the other arguments made by the Commissioner are without merit. The method of accounting regularly employed by the petitioner is generally recognized as a proper one. It must be accepted for the purpose of computing the tax unless it does not clearly reflect the income of the business. The following quotation from Osterloh v. Lucas, 37 Fed. (2d) 277, is apposite: "* * * The case turns largely upon what is meant by the requirement that the method of accounting shall clearly reflect the income. If this requirement is absolute, it is safe to say that books kept on the basis of cash received and disbursed will rarely, if ever, reflect the true income, because nearly always at the end of a tax year accounts due the taxpayer will remain uncollected and some of his own obligations will remain *129 unpaid. But we do not think that any such literal construction was contemplated. In our opinion, all that is meant is that the books shall be kept fairly and honestly; and when so kept they reflect the true income of the taxpayer within the meaning of the law. In other words, the books are controlling, unless there has been an attempt of some sort to evade the tax. This construction may work to the disadvantage of the taxpayer or the government at times, but if followed out consistently and honestly year after year the result in the end will approximate equality as nearly as we can hope for in the administration of a revenue law." The argument of the Commissioner in effect is that although the cash receipts and disbursements method of accounting clearly reflected the income of the petitioner when its business income resulted from small contracts, that system can not clearly reflect its income consisting largely of income from large contracts. He cites no authority for any such proposition. The tax should be computed on the cash method. Several small adjustments made by the Commissioner in determining the deficiencies are not contested. Decision will be entered under Rule 50. *130